IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| TROY HARTSFIELD | : | NO. 11-548 |

MEMORANDUM

Bartle, J.                                                    October 21, 2011

        Before the court is the appeal of defendant Troy
Hartsfield from an Order of Magistrate Judge David R. Strawbridge
granting the motion of the government for pretrial detention.
Defendant also has pending his motion for pretrial release.  We
review de novo an Order from a magistrate judge granting a
criminal defendant pretrial detention.  See 18 U.S.C. § 3145(a);
United States v. Delker, 757 F.2d 1390, 1395 (3d Cir. 1985).

        Hartsfield was arrested on May 13, 2011.  A federal
grand jury issued a single-count indictment on September 20, 2011
charging him with possession of a firearm after a felony
conviction in violation of 18 U.S.C. § 922(g)(1).

        Hartsfield appeared before a magistrate judge on
September 27, 2011 for an arraignment and a hearing on the motion
of the United States for pretrial detention.  At the conclusion
of the hearing, the magistrate judge granted the motion and
detained him pending further proceedings (Docket No. 8).  We held
an evidentiary hearing on October 19, 2011.

The Bail Reform Act governs the issue of pretrial detention.  See 18 U.S.C. § 3142.  A person is either to be (1) released on personal recognizance or upon execution of an unsecured bond; (2) released on conditions; (3) temporarily detained to permit revocation of conditional release, deportation or exclusion; or (4) detained.  Id. at § 3142(a).

As noted above, Hartsfield is charged with one count of possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1).  He correctly asserts based on the nature of the offense charged and the circumstances of this case that the government has the burden to establish the need for detention.[1]  See 18 U.S.C. § 3142(e)(3).  We may order detention if we find that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  Id. at § 3142(e)(1).

To make such a determination, we look to the factors listed in 18 U.S.C. § 3142(g):

> (1)   The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2)   the weight of the evidence against the person;

---

1. Hartsfield asserts that possession of a firearm by a convicted felon is not a "crime of violence" under the Bail Reform Act. See United States v. Bowers, 432 F.3d 518, 519 (3d Cir. 2005). However, this court may nonetheless hold a detention hearing and order detention based on other factors set forth in 18 U.S.C. §§ 3142(f), (g).  Id. at 524.

      (3)   the history and characteristics of the
            person, including --

         (A)   the person's character, physical and
             mental condition, family ties,
             employment, financial resources, length
             of residence in the community, community
             ties, past conduct, history relating to
             drug or alcohol abuse, criminal history,
             and record concerning appearance at
             court proceedings; and

         (B)   whether, at the time of the current
             offense or arrest, the person was on
             probation, on parole, or on other
             release pending trial, sentencing,
             appeal, or completion of sentence for an
             offense under Federal, State, or local
             law; and

      (4)   the nature and seriousness of the danger to
            any person or the community that would be
            posed by the person's release ....

Id. at § 3142(g).

      Considering the first factor, Hartsfield is charged with a serious crime involving a semi-automatic weapon.  The maximum penalty he faces is ten years' imprisonment.  The advisory United States Sentencing Guidelines range, defendant posits, is imprisonment for 51-63 months.

      The government has strong evidence of Hartsfield's involvement in this crime.  On the evening of his arrest, Hartsfield was seated in the driver's seat of a rental car parked illegally.  Police officers observed a Glock 9-millimeter pistol in plain view in the back seat of the vehicle, protruding from an open backpack.  The backpack contained personal mail and other papers belonging to Hartsfield.  The pistol contained one round

-3-

of ammunition in the chamber and a magazine with an additional 31 rounds of ammunition.

Hartsfield has three previous convictions in New Jersey state court, namely for:  (1) fleeing or eluding, which resulted in twelve months' probation; (2) possession of a controlled substance, which resulted in twelve months' probation; and (3) a felony conviction for distribution of narcotics.  At the time of his arrest in this action, Hartsfield was on probation in New Jersey for his felony narcotics conviction.

Furthermore, at the time of his arrest on the federal charge Hartsfield was wanted on an arrest warrant issued on February 22, 2011 by the Commonwealth of Pennsylvania.  That warrant arose from the search of a vehicle rented by Hartsfield which was discovered at the scene of a homicide in Southwest Philadelphia.  During that search, officers similarly discovered a backpack containing a collection of mail in Hartsfield's name, including bank and credit card statements.  The backpack also contained: (1) approximately $20,000; (2) 63.45 grams of cocaine; (3) a Glock 9-millimeter magazine loaded with ammunition; and (4) two partially-full boxes of 9-millimeter ammunition.  That magazine and ammunition would fit into the Glock pistol discovered in the instant action.[2]

Hartsfield has proffered evidence regarding his history and characteristics.  He is a life-long resident of Philadelphia

---

2. Hartsfield is not charged with the homicide.

and lives with his fiancee, who recently gave birth to their third child. He is self-employed in car and real estate sales. In support of his motion for bail, Hartsfield has submitted a petition signed by 25 members of the community and several letters from friends and associates attesting to his good character. He reports that his probation officer in New Jersey is aware of his arrest in Philadelphia and is allowing him to remain released pending disposition of the current charges. He also points out that he was granted bail in the case pending in the Commonwealth of Pennsylvania and has never failed to appear for court in that case.

The information submitted by Hartsfield in support of his motion does not outweigh other evidence suggesting that he is a danger to the community. Hartsfield committed the instant offense while on probation for a narcotics offense in New Jersey and while wanted on an arrest warrant for a separate narcotics violation in Pennsylvania. Possession of a semi-automatic weapon, which is involved in this action, is a very serious matter, and the weight of evidence against Hartsfield is strong. We are particularly concerned that the weapon had a live round of ammunition in the chamber and a large magazine with 31 additional rounds.

Considering all of these facts, the government has established that there are no set of conditions for pretrial release which will assure the safety of the community. Thus we need not address whether Hartsfield is also a risk of flight

-5-

although we note that he does have a past conviction for fleeing or eluding.  <u>See</u> 18 U.S.C. § 3142(e)(1).  We find no error in the pretrial detention of Hartsfield ordered by the magistrate judge and will affirm his Order of September 27, 2011.  Thus, we will also deny the motion of the defendant for pretrial release.